# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

John Groeneweg,                                    Civil No. 08-4815 (DWF/FLN)

         Plaintiff,

v.                                                   **MEMORANDUM**
                                                    **OPINION AND ORDER**

Flint Hills Resources, LP,

         Defendant.

_____

Cory P. Whalen, Esq., Sieben Grose Von Holtum & Carey, Ltd., counsel for Plaintiff.

Charles F. Webber, Esq., and James E. Springer, II, Esq., Faegre & Benson LLP, counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court pursuant to a Motion for Remand to State Court brought by Plaintiff John Groeneweg. For the reasons stated below, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff, a Minnesota resident, brought this personal injury case against Defendant Flint Hills Resources, LP ("Flint Hills" or "Defendant") in Minnesota state court on or about June 6, 2008. Plaintiff alleges that he fell and was injured at a Flint Hills refinery located in the City of Rosemount, Minnesota. Plaintiff's original complaint demanded judgment against Defendant "for a reasonable sum in excess of Fifty Thousand ($50,000) Dollars, together with interest, costs, and disbursements herein." (Doc. No. 1.) In a letter

dated July 21, 2008, counsel for Plaintiff extended a settlement offer in the amount of $85,000.  (Aff. of James E. Springer II ("Springer Aff.") ¶ 2, Ex. 1.)  On July 31, 2008, Defendant filed a Notice of Removal to this Court based on diversity jurisdiction.  Plaintiff now contends that this action was improperly removed because the parties are not diverse, the amount in controversy is less than $75,000, and Defendant's removal was untimely.

## DISCUSSION

### I. Standard of Review

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending."  If jurisdiction is based on diversity, the action can only be removed if complete diversity exists.  28 U.S.C. § 1332; 28 U.S.C. § 1441(b).  A party opposing removal may bring a motion requesting that the federal court remand the case back to state court.  28 U.S.C. § 1447(c).  The district court shall remand the case back to state court if it determines that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005).  On a motion to remand, the party seeking removal and opposing remand bears the burden of demonstrating federal jurisdiction.  *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).  The Court should resolve any doubt as to the propriety of removal in favor of remand.  *Id*.

## II.     Diversity of the Parties

In its notice of removal, Defendant alleges that this Court has jurisdiction based on the diversity of the parties' citizenship.  Diversity jurisdiction exists when each defendant is a citizen of a different State from each plaintiff.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990).  The parties agree that Plaintiff is a Minnesota citizen.  It is the citizenship of Defendant that is disputed.  Plaintiff asserts that Defendant is a Minnesota citizen because it conducts business in and owns a refinery in Dakota County, Minnesota.

Defendant is a limited partnership.  Therefore, its citizenship for purposes of diversity jurisdiction is determined by the citizenship of "all its members."  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).  Defendant has submitted evidence that its sole general partner, FHR/GP, LLC, and its sole limited partner, FHR, LLC, are Delaware limited liability companies with principal places of business in Kansas.  (Decl. of Allen Olson ("Olson Decl.") ¶ 2.)  The citizenship of limited liability companies is determined by the citizenship of their members.  *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004).  Defendant has also submitted evidence that the sole member of its general partner FHR/GP, LLC, is FHR, LLC; that the sole member of FHR, LLC, is Flint Hills Resources, LLC; that the sole member of Flint Hills Resources, LLC, is Koch Resources, LLC; that the sole member of Koch Resources, LLC, is Koch Industries, Inc.; and that Koch Industries, Inc., is incorporated in Kansas and has its principal place of business in Kansas.  (Olson Decl.

¶¶ 2-3.) None of the above limited-liability companies were incorporated or have a principal place of business in Minnesota. (*Id.* ¶ 4.)

The Court concludes that the record establishes that Defendant is not a citizen of Minnesota. Therefore, Defendant and Plaintiff are diverse and jurisdiction exists.

**III. Amount in Controversy**

On July 21, 2008, counsel for Plaintiff offered to settle this matter for $85,000. (Springer Aff. ¶ 2, Ex. 1.) Plaintiff asserts that after removing this action, Defendant offered $15,000 to settle the case. Plaintiff contends that because Defendant offered an amount less than the $75,000 federal jurisdictional amount in controversy, jurisdiction does not exist.

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the matter in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In the Eighth Circuit, district courts rely on the plaintiff's perspective in determining the amount in controversy. *See Smith v. Am. States Preferred Ins. Co.*, 249 F.3d 812, 813-14 (8th Cir. 2001). A plaintiff's settlement demand is relevant to the determination of the amount in controversy. *See, e.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Here, Plaintiff demanded $85,000 to settle his claim. Moreover, Plaintiff has refused to stipulate that he would seek less than $75,000 if Defendant agreed to remand. (Springer Aff. ¶¶ 2-4.) Accordingly, the Court determines that the requisite amount in controversy is met.

**IV.     Timeliness of Removal**

Plaintiff asserts that Defendant's removal was untimely because it did not remove this action within thirty days of service of the complaint. The deadline for removal is set forth in 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . .
>
> *If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .*

28 U.S. C. § 1446(b) (emphasis added).

Plaintiff's original complaint demanded judgment against Defendant "for a reasonable sum in excess of Fifty Thousand ($50,000) Dollars, together with interest, costs, and disbursements herein." (Doc. No. 1.) Diversity jurisdiction under 28 U.S.C. § 1332 requires that the matter in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Because Plaintiff's original complaint did not, on its face, disclose that Plaintiff was seeking an amount in excess of the federal jurisdictional amount, it was not removable under § 1446(b) at the time of service. *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) ("We find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount.").

On July 21, 2008, Defendant received a written settlement demand from Plaintiff in the amount of $85,000.  (Springer Aff. ¶ 2.)  The Court concludes that this settlement demand constitutes an "other paper" under § 1446(b).[1]  *See, e.g.*, *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000); *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007).  The record reveals that July 21, 2008 was the date Plaintiff first indicated that he sought more than the federal jurisdictional amount.  Therefore, the thirty-day removal deadline began to run on July 21, 2008.  Defendant filed its notice of removal on July 31, 2008.  Defendant's removal was timely.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Plaintiff's Motion to Remand to State Court (Doc. No. 5) is **DENIED**.


Dated:  November 18, 2008            s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     Judge of United States District Court

---

[1] The Court has found no authority from the Eighth Circuit addressing the specific issue of whether a post-complaint settlement demand letter constitutes an "other paper."  The Court finds the decisions from other circuits cited above persuasive on the issue.